UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

LEANELL HINES,

                Defendant.

**OPINION & ORDER**

12-Cr-00214 (ER)

RAMOS, D.J.:

On June 26, 2024, Leanell Hines filed a *pro se* motion to modify and vacate his sentence. Doc. 646. For the reasons set forth below, his motion is DENIED.

I.     BACKGROUND

The Strip Boyz were a large drug trafficking organization that distributed narcotics around Yonkers, New York between 2000 and June 2012. Doc. 649 at 3. From 2007 to 2012, Leanell Hines was an active member of the Strip Boyz. *Id.* at 4. In June 2012, a grand jury in this district indicted Hines, along with nineteen other members of the Strip Boyz, in connection with their drug trafficking conspiracy. *Id.* at 5. Hines was arrested on June 26, 2012. *Id.*

On January 29, 2014, Hines pleaded guilty to two counts pursuant to a plea agreement—conspiring to distribute more than 28 grams of crack cocaine, in violation of 21 U.S.C. § 846, and possessing and discharging a firearm during and in furtherance the conspiracy charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *Id.* at 5.

On January 16, 2015, the Court sentenced Hines to a term of imprisonment of 70 months on Count One followed by 120 months on Count Two, for a total of 190 months. *Id.* The sentence fell below the guidelines range, which called for 198–217 months. Doc. 396 at 5.

In the instant motion, filed on June 26, 2024, Hines seeks to collaterally attack his sentence in light of subsequent changes in the law. Doc. 646. First, Hines seeks a reduction of his drug trafficking sentence in light of Section 404 of the First Step Act. *Id.* at 1–7. Second, Hines asks the Court to vacate his § 924(c) sentence pursuant to 28 U.S.C. § 2255. *Id.* at 7–11. On July 11, 2024, the Government responded, opposing the motion. Doc. 649.

## II.  DISCUSSION

### A.  Count One

Hines seeks a reduction of his drug trafficking sentence pursuant to Section 404 of the First Step Act, which made the Fair Sentencing Act retroactive. Doc. 646 at 1–7.

Enacted in 2010, the Fair Sentencing Act modified, *inter alia*, the statutory penalties for crack cocaine. *United States v. Martinez*, No. 04 Cr. 48-20 (JSR), 2019 WL 2433660, *1 (S.D.N.Y. Jun. 11, 2019) (citation omitted). Section 2 of the Fair Sentencing Act increased "the threshold drug quantities that trigger penalty ranges for crack cocaine offenses." *United States v. Aller*, 486 F. Supp. 3d 752, 767 (S.D.N.Y. 2020). Specifically, "Section 2 . . . increased the threshold quantity for a conviction under § 841(b)(1)(B) from 5 to 28 grams of crack cocaine." *Id.* However, the Fair Sentencing Act initially did not apply to defendants who had been sentenced before the Act became effective. *See United States v. Holloway*, 956 F.3d 660, 662 (2d Cir. 2020).

In 2018, Section 404 of the First Step Act made the Fair Sentencing Act retroactive, providing that:

> [A] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.

*Aller*, 486 F. Supp. 3d at 767 (citing First Step Act § 404(b), 132 Stat. 5222).

2

The Government argues that because Hines' original conviction and sentencing followed enactment of the Fair Sentencing Act, Hines cannot seek the retroactive relief provided by the First Step Act. Doc. 649 at 8.

Indeed, Hines was sentenced in January 2015, Doc. 396, well after adoption of the Fair Sentencing Act of 2010. Thus, his original sentence was imposed with the benefit of the Fair Sentencing Act already in effect, precluding relief pursuant to Section 404 of the First Step Act. *See United States v. Johnson*, 961 F.3d 181, 192 (2d Cir. 2020) ("By definition, all post-Fair Sentencing Act defendants have received the procedural opportunity that Section 404 affords to pre-Fair Sentencing Act defendants . . . "); *see also United States v. Walker*, No. 20-10912, 2020 WL 5506392, at *2 (11th Cir. Aug. 25, 2020) ("Because he was convicted and sentenced after August 3, 2010, he was already eligible to benefit from section 2(a) of the Fair Sentencing Act.").

Hines attempts to avoid this conclusion by claiming that his misconduct "occurred before August 3, 2010." Doc. 646 at 7. His argument is unavailing because, during the plea hearing, Hines admitted that his misconduct stretched into 2012. *See* Doc. 252 at 20 ("I, along with others during 2001 and 2012, agreed to possess and distribute crack cocaine in Yonkers, New York.").

Accordingly, Hines' motion to reduce the Count One sentence is denied.

**B. Count Two**

Hines also moves to vacate the § 924(c) sentence in light of *United States v. Davis*, 588 U.S. 445 (2019). Doc. 646 at 8–11. The Government argues that *Davis* is inapposite and Hines' request is untimely. Doc. 649 at 9.

Under Count Two, Hines pleaded guilty to possessing and discharging a firearm during and in furtherance of the conspiracy charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Doc. 649 at 5. Importantly, 18 U.S.C. § 924(c)(1)(A) establishes mandatory minimum sentencing guidelines for the use of a firearm in relation to *either* a crime of violence or a drug trafficking crime. In *Davis*, the Supreme Court

"invalidated a clause defining a 'crime of violence'" found in 18 U.S.C. § 924(c). *United States v. Barret*, No. 21 Cr. 1743, 2022 WL 17839286, at *1 (2d Cir. Dec. 22, 2022), *cert. denied*, 143 S. Ct. 1792 (2023).

Here, Hines' § 924(c) conviction was not predicated on carrying a firearm in relation to a crime of violence. His indictment indicated that the predicate for Count Two was a "drug trafficking crime" rather than a crime of violence. *See* Doc. 18 at 12. Because Hines' § 924(c) conviction "did not depend on the clause at issue in *Davis*, that case provides him no basis for relief." *Barret*, 2022 WL 17839286, at *1.

Accordingly, Hines' motion to vacate the Count Two sentence is denied.[1]

### III.  CONCLUSION

For the foregoing reasons, Hines' motion is denied. The Clerk is respectfully directed to terminate the motion, Doc. 646. The Clerk of Court is also respectfully directed to mail a copy of this opinion to Hines.

It is SO ORDERED.

Dated:   August 26, 2024
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.

---

[1] Because the Court agrees that *Davis* is inapposite to the Count Two sentence, it does not reach the Government's timeliness argument.